IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

|  |  |  |
|---|---|---|
| MARCHE L. CLARKE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:05CV01103 |
| | ) | |
| NORTH CAROLINA COALITION | ) | |
| AGAINST DOMESTIC VIOLENCE, | ) | |
| INC., PATRICIA YOUNGBLOOD, | ) | |
| individually, MYRA DOBBINS, | ) | |
| individually, FELICIA DEE | ) | |
| BEDDINGFIELD, SUSAN BORGESI, | ) | |
| DARLENE COWAN, PAULETTE COX, | ) | |
| MYRA DOBBINS, CARLA MIDKIFF- | ) | |
| FROST, PAT DEAN-MCCRAY, | ) | |
| MICHELLE MEREDITH, LINDA | ) | |
| GARRICK, KIM GAUSS, JACKIE | ) | |
| GOODWYN, TAMMY HARTLEY, | ) | |
| ANNETTE LYTLE, IVONNE ORTIZ, | ) | |
| CRYSTAL SHARPE, MARIA SOTO, | ) | |
| LAURIE SUTTLES, PATRICIA | ) | |
| YOUNGBLOOD, all members of the | ) | |
| Board of Directors of the North | ) | |
| Carolina Coalition Against | ) | |
| Domestic Violence, | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION

OSTEEN, District Judge

Plaintiff Marche L. Clarke filed this action naming her former employer, North Carolina Coalition Against Domestic Violence ("NCCADV"), the board members of NCCADV, and both Patricia Youngblood and Myra Dobbins, in their individual

capacity (collectively, "Defendants").[1]  Plaintiff alleges that
Defendants violated her due process and equal protection rights
under the Fifth and Fourteenth Amendments, as well as violated
NCCADV's own employee manual provisions.  The following matter is
now before this court on motion by Defendants for summary
judgment.

**I.    FACTUAL BACKGROUND**

Plaintiff began her employment with NCCADV in 2001, as the
organization's Communities of Color Specialist.  Plaintiff
continued her employment in that position until she was hired as
NCCADV's Executive Director in 2003.  Throughout Plaintiff's
employment, she maintained an at-will employee relationship with
NCCADV.

After being appointed Executive Director, Plaintiff began to
encounter problems in her relationship with NCCADV's staff.  The
employees claimed that Plaintiff mistreated them.  Plaintiff was
also accused of berating an individual staff member in front of
the other employees.  Upon learning of these incidents, NCCADV's
board members conducted employee interviews to determine the
depth of the problems.  The interviews revealed that many staff
members were dissatisfied with the environment created by
Plaintiff and were likely to resign if no changes took place.  As

---

[1] The board member defendants include:  Patricia Youngblood,
Myra Dobbins, Felicia Beddingfield, Susan Borgesi, Darlene Cowan,
Paulette Cox, Carla Midkiff-Frost, Pat Dean-McCray, Michelle
Meredith, Linda Garrick, Kim Gauss, Jackie Goodwyn, Tammy
Hartley, Annette Little, Ivonne Ortiz, Crystal Sharpe, Maria
Soto, and Laurie Suttles.

a result of the employees' concerns and Plaintiff's disappointing performance, the board terminated Plaintiff on September 17, 2003.

## II. PROCEDURAL HISTORY

Plaintiff initially filed her complaint pro se in Durham County Superior Court. Defendants subsequently removed the case to federal court on account of the constitutional issues raised in the complaint. After answering the complaint, Defendants sought summary judgment on all claims. A Roseboro letter and a notice of trial calendar were mailed to Plaintiff at her last known address on two separate occasions and were returned to the court marked as undeliverable.

## III. LEGAL STANDARD

Summary judgment is appropriate where an examination of the pleadings, affidavits, and other proper discovery materials before the court demonstrates that no genuine issues of material facts exist, thus entitling the moving party to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322–23, 106 S. Ct. 2548, 2552 (1986). If the moving party has met that burden, then the nonmoving party must persuade the court that a genuine issue does remain for trial.

> When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. In the language of the Rule, the nonmoving party must come forward with "specific facts showing that there is a genuine issue for trial."

Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586–87, 106 S. Ct. 1348, 1356 (1986) (citations & footnote

3

omitted) (quoting Fed. R. Civ. P. 56). In considering a motion for summary judgment, the court is not to weigh the evidence, but rather must "determine whether there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250, 106 S. Ct. 2505, 2511 (1986). The court must view the facts in the light most favorable to the nonmovant, drawing inferences favorable to that party if such inferences are reasonable. Id. at 255, 106 S. Ct. at 2513. However, there must be more than a factual dispute; the fact in question must be material, and the dispute must be genuine. Fed. R. Civ. P. 56(c); Anderson, 477 U.S. at 248, 106 S. Ct. at 2510. A dispute is only "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.

**IV. ANALYSIS**

Plaintiff, a pro se party, submitted a complaint to this court containing a number of different factual allegations and legal issues. When reviewing a pro se complaint, federal courts should examine carefully the plaintiff's factual allegations, and not summarily dismiss the complaint "unless it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1977) (citing Colney v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 101-02 (1957)); see also Boag v. MacDougall, 454 U.S. 364, 365, 102 S. Ct. 700, 701 (1982) (federal courts should construe a pro se petitioner's pleading liberally, no matter how inartful).

4

**A. Plaintiff's Due Process and Equal Protection Claims**

Plaintiff first claims that Defendants violated her Fifth and Fourteenth Amendment rights when they decided to discharge her. In order to sustain a claim under the Fifth or Fourteenth Amendment of the Constitution, a plaintiff must suffer a violation of due process or equal protection as a result of a federal (Fifth Amendment) or state (Fourteenth Amendment) action. See San Francisco Arts & Athletics, Inc. v. United States Olympic Comm., 483 U.S. 522, 542, 107 S. Ct. 2971 n.21, 22 (1987); Blum v. Yaretsky, 457 U.S. 991, 1002-03, 102 S. Ct. 2777, 2785 (1982). The claims in this matter are brought solely against private actors performing a private action. It makes no difference that NCCADV is regulated by the State of North Carolina, because "[t]he mere fact that a business is subject to state regulation does not by itself convert its action into that of the State for purposes of the Fourteenth Amendment." Jackson v. Metropolitan Edison Co., 419 U.S. 345, 350, 95 S. Ct. 449, 453 (1974) (citation omitted). Accordingly, the court will grant summary judgment in favor of Defendants on this claim.

**B. Plaintiff's Claim for Violation of the Employee Handbook**

Plaintiff alleges in her second claim that Defendants violated her due process rights by denying her the rights embodied in the NCCADV Employee Information Handbook. Though she cites no substantive right that would afford her the protections of an employee handbook, the court will assume that she claims a contractual right to them.

5

In order to prevail on a breach of contract claim, some form of a contract must exist. Under North Carolina law, in the absence of an employment contract that creates a definite term of employment, "the employment is presumed to be an 'at-will' employment, terminable at the will of either party." Guarascio v. New Hanover Health Network, Inc., 163 N.C. App. 160, 164, 592 S.E.2d 612, 614 (N.C. Ct. App. 2004) (citation omitted). North Carolina courts have interpreted this tenet to mean that "an at-will employee states no cause of action for breach of contract by alleging that he has been discharged without just cause." Id. (citation and internal quotations omitted). This interpretation holds notwithstanding the existence of an employment manual, because the "courts have held that unilaterally promulgated employment manuals or policies do not become part of the employment contract unless expressly included in it." Id. (citation and internal quotations omitted).

Defendants employed Plaintiff without a specific contract as an at-will employee. Therefore, their decision to terminate Plaintiff did not violate any contractual provisions. Moreover, the mere existence of the employee handbook provided Plaintiff with no further protection beyond that afforded an at-will employee. Accordingly, the court will grant summary judgment in favor of Defendants on this claim.

**V.  CONCLUSION**

An order and judgment in accordance with this memorandum opinion shall be filed contemporaneously herewith.

6

This the 14th day of December 2006.

_____
United States District Judge